UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MACHISA DESIGN SERVICES, INC. et al.,

    Plaintiffs,

v.

THE BOARD OF EDUCATION OF
THE SCHOOL DISTRICT OF THE CITY
OF COLUMBUS, et al.,

    Defendants.

Case No. 2:12-cv-838
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendant Ohio School Facilities Commission's Motion to Dismiss (Doc. No. 24) and Plaintiffs' Motion for Leave to File a Second Amended Complaint and Memorandum in Support of Said Motion and in Response to Motion to Dismiss by Ohio School Facilities Commission ("Motion to Amend" or "Response in Opposition to Motion to Dismiss") (Doc. No. 42). For the reasons that follow, the Court **GRANTS** both motions.

## I. BACKGROUND

In early 2009, Defendant the School District of the City of Columbus ("School District") published a request for qualifications for an Architect of Record for the design of a new school facility to be constructed by the School District, which was called at the time the Language Immersion School Project ("Project"). (Am. Compl. ¶ 28; Doc. No. 6.) After a competitive process, Plaintiff Machisa Design Services, Inc. (together with Plaintiff Anthony C. Udeagbala "Machisa") was chosen by the School District as the Architect of Record. *Id.* ¶ 46.

Machisa entered into a contract with the School District in early 2010 for professional design services related to the Project ("Contract"). *Id.* ¶¶ 46, 52. By the terms of the Contract Machisa was listed as an intended third party beneficiary. *Id.* ¶ 4. After early 2010 and prior to February 2011, Machisa alleges that it was involved in the performance of services under the Contract.

In February 2011, Defendant the Columbus City Board of Education ("School Board") cancelled Machisa's contract without cause. *Id.* ¶ 104. Machisa alleges that several of the individual defendants circulated defamatory and discriminatory information about it specifically related to its business and the race of Plaintiff Udeagbala.

On September 13, 2012, Machisa filed this action, alleging claims for relief for (1) Discrimination under 42 U.S.C. § 1981; (2) Due process and equal protection violations under 42 U.S.C. § 1983; (3) Breach of contract; (4) Defamation; and (5) Interference with contractual relations. Machisa requests compensatory damages, attorney fees and costs. Machisa named as defendants the Commission, the School Board, Smoot Elford Resource International, URS Design Corporation and several individuals. The parties jointly moved to dismiss the URS Design Corporation (Doc. No. 33), which this Court granted (Doc. No. 45).

On October 24, 2012, the Commission filed its Motion to Dismiss. (Doc. No. 24.) On November 20, 2012, Machisa filed its combined Motion to Amend and Response in Opposition to Motion to Dismiss (Doc. No. 42), and the Commission filed its Reply in Support of its Motion to Dismiss on November 26, 2012 (Doc. No. 44). On December 10, 2012, the Commission filed it Response in Opposition to Machisa's Motion to Amend the Complaint (Doc. No. 49) and Machisa filed its Reply in Support of its Motion on December 24, 2012 (Doc. No. 52).

2

## II. THE COMMISSION'S MOTION

The Commission moves for dismissal of the claims against it for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. The Commission contends that it is entitled to sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution and that, even if it were not immune, Machisa has failed to state a plausible claim for relief.

### A. Standards

This Court has held that the proper vehicle to assert Eleventh Amendment immunity is Federal Rule of Civil Procedure 12(b)(1). *Lee Testing & Eng'g Inc. v. Ohio DOT*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) (citing *Johnson v. Wolgemuth*, 257 F. Supp. 2d 1013, 1016-17 (S.D. Ohio 2003)). Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. The Sixth Circuit has laid out the procedural framework for motions brought under that Rule:

> Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations. . . . [and the] district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Here, the Commission mounts a facial attack on this Court's jurisdiction. Thus, whether analyzing the Commission's motion under subsection (b)(1) or (b)(6) of Rule 12, the Court will construe the complaint in favor of Machisa and accept the factual allegations contained in the pleading as

3

true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Analysis

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "It has long been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of 'another State,' but also to suits brought by a citizen against the State in which he or she resides." *Lee Testing & Eng'g Inc. v. Ohio DOT*, 855 F. Supp. 2d at 725 (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

The Eleventh Amendment, as interpreted by the Supreme Court, bars an action for damages in a federal court against a state, unless Congress has abrogated its sovereign immunity or the state has expressly waived it. *Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). States enjoy Eleventh Amendment immunity from causes of action under 42 U.S.C. §§ 1981 and 1983. *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (sovereign immunity from a claims under 42 U.S.C. § 1981) (citations omitted); *Quern v. Jordan*, 440 U.S. 332 (1979) (Section 1983 does not abrogate Eleventh Amendment immunity). Additionally, the ancillary state law claims of breach of contract, defamation and interference with contract are barred by the Eleventh Amendment. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120-21 (1983) ("This constitutional bar applies to pendent claims as well."). Ohio has not waived its immunity from suits for money damages, except to the extent that such claims are allowed to be brought in the Court of Claims of Ohio. Ohio Rev. Code §

4

2743.03; *Turker v. Ohio Dept. of Rehab. and Corrections*, 157 F.3d 453, 457 (6th Cir. 1998).

The parties disagree as to whether the Commission is considered an arm of the state such that it shares the immunity shield provided by the Eleventh Amendment. The applicability of the Eleventh Amendment is to be judged not only by who is named as a party, but "by the essential nature and effect of the proceeding." *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945) *overruled in nonrelevant part by Lapides v. Bd. of Regents*, 535 U.S. 613, 623 (2002). In determining the true party in interest, "[i]t is well-settled that 'a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (quoting *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940 (6th Cir. 1990) and *Quern*, 440 U.S. at 337).

Machisa contends that the Commission is not entitled to Eleventh Amendment immunity because a suit against it does not constitute a suit against the state of Ohio, arguing:

> In *Harrison Construction Company v. Ohio Turnpike Commission*, 272 F.2d 337 (6th Cir. 1959), it was held that the sole question presented in the case was whether or not the action [was] in reality a suit against the State and thus barred by the Eleventh Amendment to the Constitution of the United States. The *Harrison* court, in its analysis, concluded that the Turnpike Commission was an "autonomous entity" vested with certain privileges which the State desires. The Court found that the State of Ohio was not specifically named as a party and that the suit in that case did not "constitute a suit against the State." *Id.* at 341. Just like the Ohio Turnpike Authority, [the Commission] is "an independent agency of the state" and a "body corporate and politic" with certain privileges and functions. [Ohio Rev. Code] § 3318.30(A), and the State of Ohio is not named here as a party.

(Response in Opposition to Motion to Dismiss at 5.)

The Commission, in response, asserts that it is an agency of the state of Ohio for Eleventh Amendment purposes because it is created by the Ohio Revised Code, funded through

5

appropriations made by the Ohio General Assembly, performs essential functions of the state of Ohio and that any judgment against it would be made out of the State Treasury. In addition, the Commission contends that Ohio Revised Code Chapter 2743 sets forth the Ohio Court of Claims as the proper forum for Machisa to bring its claims for damages against the Commission. The Commission's arguments are well taken.

The Commission was created by the Ohio General Assembly through Ohio Revised Code § 3318.30, which provides in relevant part:

> (A) There is hereby created the Ohio school facilities commission as an independent agency of the state within the Ohio facilities construction commission, which is created under section 123.20 of the Revised Code. The Ohio school facilities commission shall administer the provision of financial assistance to school districts for the acquisition or construction of classroom facilities in accordance with sections 3318.01 to 3318.33 of the Revised Code.
>
> The Ohio school facilities commission is a body corporate and politic, an agency of state government and an instrumentality of the state, performing essential governmental functions of this state. The carrying out of the purposes and the exercise by the Ohio school facilities commission of its powers conferred by sections 3318.01 to 3318.33 of the Revised Code are essential public functions and public purposes of the state. The Ohio school facilities commission may, in its own name, sue and be sued, enter into contracts, and perform all the powers and duties given to it by sections 3318.01 to 3318.33 of the Revised Code, but it does not have and shall not exercise the power of eminent domain. In its discretion and as it determines appropriate, the Ohio school facilities commission may delegate to any of its members, executive director, or other employees any of the Ohio school facilities commission's powers and duties to carry out its functions.

With respect to the funding of the Commission, and the source of any judgment which Machisa seeks from the Commission, Ohio Revised Code § 3318.33 provides:

> (A) There is hereby created in the state treasury the Ohio school facilities commission fund, which shall consist of transfers of moneys authorized by the general assembly and revenues received by the Ohio school facilities commission under section 3318.31 of the Revised Code. Investment earnings on moneys in the fund shall be credited to the fund. Moneys in the fund may be used by the

6

commission to pay personnel and other administrative expenses, to pay the cost of conducting evaluations of classroom facilities, to pay the cost of preparing building design specifications, to pay the cost of providing project management services, and for other purposes determined by the commission to be necessary to fulfill its duties under this chapter.

(B) The director of budget and management may transfer to the Ohio school facilities commission fund the investment earnings on the public school building fund, created in section 3318.15 of the Revised Code, the investment earnings on the education facilities trust fund created in section 183.26 of the Revised Code, or both. The director of budget and management may transfer to the Ohio school facilities commission fund the investment earnings on the school building program assistance fund, created under section 3318.25 of the Revised Code, in excess of the amounts needed to meet estimated federal arbitrage rebate requirements.

With regard to Machisa's reliance upon *Harrison*, this Court agrees with the Commission that it is misplaced. As the Commission correctly points out, the Ohio Turnpike Commission has been described as an autonomous entity. *Harrison*, 272 F.2d at 341 ("'an autonomous entity vested with certain privileges and powers to accomplish a result which the State desires but in relation to which the State does not wish to utilize its governmental departments or to expose to risk its State treasury'"). The Ohio Turnpike Commission has no authority to incur indebtedness or liability on behalf of the state of Ohio. *See* Ohio Rev. Code § 5537.11(B) ("All expenses incurred in carrying out this chapter shall be payable solely from revenues provided under this chapter and from state taxes. This chapter does not authorize the Ohio turnpike commission to incur indebtedness or liability on behalf of or payable by the state or any political subdivision of the state."). Further, the Turnpike Commission's statutory framework, although specifically stating that it performs essential functions of the state, further provides that "the [Turnpike] commission shall not be immune from liability by reason thereof." Ohio Rev. Code § 5537.02(A). Exclusive subject matter jurisdiction in the Ohio Court of Claims is also waived in

7

lawsuits by or against the Ohio Turnpike Comission. Ohio Rev. Code § 5537.04(A)(4). As the *Harrison* court noted, "[i]t is apparent that the Legislature very carefully immunized the treasury of the state from any obligations whatever arising out of the creation of the turnpike commission or any projects which it might undertake." 272 F.2d at 339.

The Court also agrees with the Commission's assessment that it possesses none of the characteristics possessed by the Ohio Turnpike Commission with regard to its financial structure. The Commission cannot issue revenue bonds payable solely from tolls and other revenues, and to enter into agreements for the security of the bonds like the Ohio Turnpike Commission can. *See* Ohio Rev. Code §§ 5537.03, 5537.04(A)(6), 5537.08, 5537.12, and 5537.11(A). Bonds issued by the Ohio Turnpike Commission do not constitute a debt, or a pledge of the faith and credit of the state of Ohio. Ohio Rev. Code § 5537.11(A) ("The bonds do not constitute a debt, or a pledge of the faith and credit, of the state or of any political subdivision of the state."). On the other hand, the funds for the Commission originate with appropriations by the General Assembly into the State Treasury. Ohio Rev. Code § 3318.33 ("There is hereby created in the state treasury the Ohio school facilities commission fund . . . .").

Moreover, Ohio contractors regularly utilize the Ohio Court of Claims as the forum to litigate construction project claims against the Commission. *See e.g., Stanley Miller Constr. Co. v. Ohio Sch. Facilities Comm'n,* No. 2006-04351, 2012 Ohio Misc. LEXIS 114 (Ohio Ct. App. May 8, 2012); *J & H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm'n,* No. 2010-07644, 2012 Ohio Misc. LEXIS 172 (Ohio Ct. of Claims June 6, 2012); *Ohio Farmers Ins. Co. v. Ohio School Facilities Comm'n,* No. 11AP-547, 2012 Ohio App. LEXIS 856 (March 6, 2012) (on appeal from Court of Claims). The Court of Claims provides a forum for disputes

8

against the state of Ohio, which is defined as "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." Ohio Rev. Code § 2743.01

Consequently, the Court concludes that the Commission is entitled to Eleventh Amendment immunity from the claims filed against it by Machisa. Accordingly, the Court **GRANTS** the Commission's Motion to Dismiss.

### III. MACHISA'S MOTION

Machisa first explains that its Motion to Amend was untimely filed by a day and requests permission to file it, which is hereby **GRANTED**. Machisa then asks permission to file a second amended complaint. The Commission is the only defendant that responded in opposition to Machisa's request. The Commission, however, is no longer a defendant in this action based on the Court's conclusion *supra*. Therefore, Machisa's Motion is unopposed.

Machisa's Motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After considering all information before it, the Court concludes that justice requires

9

granting leave to amend. Machisa has moved to amend a mere three months after this case was filed. Thus, there is no apparent undue delay, bad faith or dilatory motive on the part of Machisa, nor does there appear to be any prejudice to the defendants by virtue of allowance of the amendment. Consequently, the Court **GRANTS** Machisa's Motion to Amend.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Commissions Motion to Dismiss. (Doc. No. 24.) The Clerk is **DIRECTED** to remove the Ohio School Facilities Commission as a defendant IN this action. The Court also **GRANTS** Machisa's Motion to Amend. (Doc. No. 42.) The Clerk is **DIRECTED** to file the Exhibit attached to Machisa's Motion (Doc. No. 42-1) and title it "Plaintiffs' Second Amended Complaint."

**IT IS SO ORDERED.**

1-7-2013
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**